UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re: Richard A. Quaid

                Debtor,

Richard A. Quaid

                Civ. No. 6:11-cv-0280-ACC
                Bankruptcy No: 6:10-bk-05920-ABB

                Appellant,

v.                **MEMORANDUM AND ORDER**

Baybrook Home of Polk County, LLC;
Braxton Green, Jr.; Eleanor Green;
Estates of Lake Wales, LLC,

                Appellee.

---

This matter is before the Court on an appeal from a January 26, 2011 United States Bankruptcy Court Order ("Order") of Judge Arthur B. Briskman. The Order found that $359,697.46 withdrawn from a BB&T bank account and transferred into the Tommie A. Quaid Trust ("Trust") was not exempt from the bankruptcy estate of Richard A. Quaid ("Quaid"). (Bankr. Docket No. 51.) Quaid appeals the Bankruptcy Court's Order. (Docket No. 1.) For the reasons that follow, the Order is reversed.

**BACKGROUND**

Quaid's wife, Tommie A. Quaid ("Tommie"), established the Trust on March 2, 2005. The Trust designated Tommie as its Grantor and Trustee and granted her sole authority to manage, control, and withdraw Trust assets. Quaid was not permitted to

control the Trust's assets. The Trust provided that, if Quaid survived Tommie's death, Quaid and his son were to become co-Trustees. Upon Tommie's death, Trust assets were to be used for three purposes. First, assets would be used to pay for Tommie's final medical expenses and the administration of her estate. Second, assets would be used to pay obligations due to the facility in which Tommie's father is living. Third, assets would be used to establish a marital trust and credit shelter trust for Quaid's benefit. The Trust did not define a specific amount of money or a specific percentage of assets that were to be used for each purpose. The Trust provided that it would become irrevocable upon Quaid's death, and it contained a spendthrift clause to shield assets from any creditors of the beneficiaries.

Quaid and Tommie maintained a Bank of America account held as tenants by the entirety ("TBE"). Some of the money in the Bank of America account came from Quaid's earnings which previously had been held in a trust established by Quaid to benefit Tommie. These funds were not held as TBE before being transferred into the Bank of America account.

On May 6, 2009, Quaid and Tommie opened a BB&T account also as TBE. Quaid and Tommie transferred $310,000.00 into the BB&T account from the Bank of America account. On September 11, 2009, Quaid and Tommie withdrew all $359,697.46 in the BB&T account and transferred it to the Trust. Quaid has contributed no other assets to the Trust besides the $359,697.46.

Tommie died in January 2010, and Quaid and his son became Co-Trustees of the Trust. Both resigned as Co-Trustees in February 2010, and Edward Fernandez ("Fernandez"), a friend of Quaid's, became the Trustee on February 19, 2010.

On March 10, 2010, Appellees Baybrook Homes of Polk County, LLC, Braxton Green, Jr., Eleanor Green, and Estates of Lake Wales, LLC ("Appellees") were awarded a $3,248,000.00 judgment against Quaid in a lawsuit. Quaid filed a Chapter 7 bankruptcy petition on April 9, 2010. In his petition, Quaid claimed an exemption for his beneficial interest in the Trust. Quaid claimed the Trust's spendthrift provision precluded his creditors from reaching his interest in the Trust, and made his interest exempt pursuant to 11 U.S.C. § 541(c)(2).

Appellees filed an Amended Objection to attempt to disallow Quaid's claimed exemption. After conducting an evidentiary hearing, Judge Briskman entered the Order from which Quaid now appeals. The sole issue on appeal is whether the Bankruptcy Court properly concluded that the $359,697.46 transferred into the Trust should be included as part of Quaid's bankruptcy estate.

**STANDARD OF REVIEW**

Upon entry of a final order by the bankruptcy court, a party may appeal to the district court pursuant to 28 U.S.C. § 158(a). The district court functions as an appellate court in reviewing decisions of the bankruptcy court, reviewing its legal conclusions de novo and employing the clearly erroneous standard in reviewing its findings of fact. In re Colortex Industries, 19 F.3d 1371, 1374 (11th Cir. 1994). A dispute regarding whether a beneficiary is also a settlor of a trust is a question of law reviewed de novo. See

3

Firestone Tire & Rubber Co. v. Burch, 489 U.S. 101, 112 (1989) (explaining that disputes regarding the interpretation of a trust agreement provision are reviewed de novo).

**DISCUSSION**

A bankruptcy estate consists of all interests in property possessed by the debtor at the time he files for bankruptcy.  11 U.S.C. § 541(a)(1).  If there is a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy laws, then the restriction is enforceable when creating the bankruptcy estate.  Id. § 541(c)(2).  Thus, spendthrift trusts are excluded from a debtor's bankruptcy estate to the extent applicable state law protects them from creditors.  In re Brown, 303 F.3d 1261, 1265 (11th Cir. 2002).  The law of the State of Florida is the state law applicable in this case.

Each party who owns property as TBE has ownership of all of the property.  Beal Bank, SSB v. Almand & Assoc., 780 So. 2d 45, 52 (Fla. 2001) (explaining property owned as TBE includes unities of possession and interest).  If one party files a bankruptcy petition, the property held as TBE does not become property of the bankruptcy estate.  In re Bundy, 235 B.R. 110, 112 (Bankr. M.D. Fla. 1999).  When assets held as TBE are transferred to a trust in which only one party maintains control, the terms of the trust eliminate any TBE protection.  Passalino v. Protective Group Securities, Inc., 886 So. 2d 295, 297-98 (Fla. Dist. Ct. App. 2004); Rollins v. Alvarez, 792 So. 2d 695, 696 n.2 (Fla. Dist. Ct. App. 2001).  Quaid had ownership of the entire $359,697.46 he and Tommie contributed to the Trust.  Thus, when Quaid and Tommie transferred $359,697.46 from the BB&T bank account to the Trust in which Quaid could

not exercise control, the assets lost any protection from his creditors for being held as TBE.

A "settlor" is any person who creates or contributes property to a trust. Fla. Stat. § 736.0103(16). If multiple people contribute property to a trust, then "each person is a settlor of the portion of the trust property attributable to that person's contribution except to the extent another person has the power to revoke or withdraw that portion." Id. Quaid argues that Tommie was the only settler of the Trust. (Docket No. 10 at 1.) However, as discussed above, Quaid had equal ownership of the assets transferred from the BB&T account to the Trust. Because Quaid contributed $359,697.46 to the Trust, he was a settlor in that amount unless another person had the power to revoke or withdraw that portion of the trust property.

A person contributing money to a trust is not a settlor "to the extent another person has the power to revoke or withdraw that portion." Fla. Stat. § 736.0103(16). Article III of the First Restated Trust Agreement ("Agreement") for the Trust explains that Tommie reserved the right at any time prior to her death to "withdraw all or any part of the principal" and to "revoke or amend this Agreement, and to alter or terminate the trusts hereby created . . . ." (Docket No. 1, Ex. 9 at 10 (Tommie A. Quaid First Restated Trust Agreement).) Quaid had no power to revoke or withdraw any assets of the Trust during Tommie's life. In fact, Quaid was not a settlor because Tommie had the power to revoke or withdraw the entire $359,697.46 that was contributed to the Trust after previously being held as TBE.

The definition of "settlor" in the Florida Trust Code was adopted verbatim from the Uniform Trust Code. See Unif. Trust Code § 103 (amended 2005) (providing the same definition for "settlor"). The drafters of the Uniform Trust Code contemplated situations similar to the instant case. In the comment to Section 103, the drafters explained that a family member donating assets to a trust revocable by another family member should not be considered as one of the trust's settlors. Id. cmt. Instead, the family member who may revoke or withdraw the portion should be considered the sole settlor. Id. Based on the explanation in the comment, Tommie was the sole settlor of the Trust during her life and Quaid, despite contributing assets, was not a settlor.

A spendthrift provision is inapplicable to assets in a self-settled trust. In re Brown, 303 F.3d at 1266. A trust is self-settled if a settlor is also the beneficiary. Id. Here, Quaid was not a settlor of the Trust because Tommie had the power to revoke or withdraw that entire amount during her life. Thus, the Trust was not self-settled. Additionally, Quaid had no ability to control money transferred from the BB&T bank account after it had been placed in the Trust and prior to Tommie's death. Because Quaid was not a settlor of the Trust, his beneficial interest in the Trust is protected from his bankruptcy creditors by the spendthrift provision.

Thus, the $359,697.46 Quaid contributed to the Trust may not be reached by his creditors as part of his bankruptcy estate.

**CONCLUSION**

It is therefore **ORDERED** and **ADJUDGED** that the Bankruptcy Court's Order is **REVERSED** and this case is **REMANDED** for further proceedings in accordance with this Order.

Dated: November 15, 2011

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge